**Lesa CARUSO, Plaintiff,**

**v.**

**William FORSLUND, et al., Defendants.**

**Civ. No. 3-89-104 (WWE).**

United States District Court,
D. Connecticut.

Jan. 10, 1994.

**1498**

in violation of the fourth amendment to the United States Constitution.

The jury could reasonably have found the following facts. Doris Neuman contacted the East Haven Police Department regarding the whereabouts of her daughter, Nichole Caruso. Neuman believed that her daughter was with her father. Neuman did not provide the police with a court order establishing custody of Nichole, nor did she file a criminal complaint pertaining to this matter. Defendants, East Haven Police Officers, believed that Nichole's father was at plaintiff's residence.

On the basis of Neuman's report, defendants proceeded to plaintiff's residence. Defendants entered and searched plaintiff's home without first obtaining a warrant and without plaintiff's consent. Against plaintiff's express desires, defendants remained on the premises.

At the conclusion of the evidence, defendants moved for judgment as a matter of law. The court denied the motion and submitted the case to the jury. In response to written interrogatories, the jury found by a preponderance of the evidence that defendants conducted an unreasonable search of plaintiff's residence. However, the jury did not award plaintiff either nominal or compensatory damages.

Defendants have moved for judgment as a matter of law or, alternatively, for a new trial. Plaintiff has filed motions for (1) an award of nominal damages and (2) a new trial limited to the issue of punitive damages. For the following reasons, the court will deny defendants' motion. The court will grant plaintiff's motion for an award of nominal damages and deny plaintiff's motion for a new trial on punitive damages. The court will not award attorney fees.

Katrena K. Engstrom, John R. Williams, The Law Offices of John R. Williams, New Haven, CT.

Hugh F. Keefe, Lynch, Traub, Keefe & Errante, New Haven, CT.

## RULING ON PENDING MOTIONS

EGINTON, Senior District Judge.

Plaintiff, Lesa Caruso, brought this action against defendants, William Forslund and Nicholas Palladino, pursuant to 42 U.S.C. § 1983. The case proceeded to trial on plaintiff's allegation that defendants conducted an unreasonable search of her residence

### *DEFENDANTS' MOTION FOR JUDGMENT OR FOR A NEW TRIAL*

The standard for granting a judgment notwithstanding the verdict is a strict one.

"A verdict may be directed under [Fed. R.Civ.P.] 50 only if 'without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable [persons] could have reached.'" *Stubbs v. Dudley,* 849 F.2d 83, 85 (2d Cir. 1988), *cert. denied,* 489 U.S. 1034, 109 S.Ct. 1095, 103 L.Ed.2d 230 (1989) (quoting *Simblest v. Maynard,* 427 F.2d 1, 4 (2d Cir. 1970)). In the present case, defendants cannot meet this standard.

■ The evidence clearly indicates that defendants entered plaintiff's residence without a warrant. Moreover, plaintiff insisted that defendants leave the premises. Once defendants entered plaintiff's home, at least one of them searched other areas of the residence. From this evidence, the jury could properly conclude that defendants unreasonably searched plaintiff's residence. The evidence is not so one-sided as to warrant a judgment contrary to the jury's verdict.

To be sure, defendants' evidence suggests that they acted to preserve the well-being of a minor child. Nonetheless, defendants never received a criminal complaint against the child's father, nor did they have an official custody order. Thus, the jury was well within its province in concluding that defendants conducted an unreasonable search of plaintiff's residence.

■ Defendants' motion for a new trial is also unavailing. In ruling on a motion for a new trial, a trial court may weigh the evidence adduced at trial. The court is not bound to view the evidence in the light most favorable to the verdict winner. *Bevevino v. Saydjari,* 574 F.2d 676, 684 (2d Cir.1978). Still, the court must avoid interfering with a jury verdict absent a clear indication that the jury reached an erroneous result or that the verdict resulted in a miscarriage of justice. *Song v. Ives Lab., Inc.,* 957 F.2d 1041, 1047 (2d Cir.1992). In the present case, the evidence adduced at trial adequately supports the jury's verdict. A new trial is not warranted.

## DAMAGES

Plaintiff advances two arguments relating to damages. First, plaintiff contends that because the jury found that defendants conducted an unreasonable search, she is entitled to an award of nominal damages. Second, plaintiff asserts that she is entitled to a new trial on the issue of punitive damages.

■ Plaintiff correctly asserts that the jury should have awarded her nominal damages. The jury concluded in unequivocal terms that defendant conducted an unreasonable search of her residence. No doubt, the jury was entitled to find that plaintiff failed to prove actual damages. Nonetheless, an award of $1.00 in nominal damages is necessary to account for the established constitutional violation. *Farrar v. Hobby,* —— U.S. ——, ——, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992); *Carey v. Piphus,* 435 U.S. 247, 266, 98 S.Ct. 1042, 1054, 55 L.Ed.2d 252 (1978); *Ruggerio v. Krzeminski,* 928 F.2d 558, 563 (2d Cir.1991). Plaintiff's motion for nominal damages will be granted. The court will award plaintiff $1.00 in nominal damages.

■ Plaintiff's next claim is that a new trial is necessary to assess the efficacy of punitive damages. "[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983). Generally, the imposition of punitive damages is limited to cases involving egregious conduct or a showing of willfulness or malice on the part of the defendant. *Beauford v. Sisters of Mercy,* 816 F.2d 1104, 1109 (6th Cir.), *cert. denied,* 484 U.S. 913, 108 S.Ct. 259, 98 L.Ed.2d 217 (1987). Absent evidence that a defendant was motivated by an evil intent or a reckless or callous indifference to a plaintiff's constitutional rights, a jury cannot award punitive damages. *Satchell v. Clark,* 725 F.Supp. 691, 695 (E.D.N.Y.1989).

■ In the present case, the evidence cannot support an award of punitive damages.

Plaintiff did not offer evidence to the effect that either defendant had the requisite evil intent, or callous or reckless indifference to plaintiff's rights. In fact, the undisputed evidence indicates that defendants' primary motivation was to protect the well-being of a minor child.

As this court has already noted, the jury reasonably concluded that defendants unlawfully searched plaintiff's residence. However, this finding does not automatically entitle plaintiff to reach the jury on the issue of punitive damages. *See Ward v. San Jose,* 967 F.2d 280, 286 (9th Cir.1992) (affirming district court's directed verdict on issue of punitive damages, but remanding excessive force issue for retrial); *Beauford,* 816 F.2d at 1109 (reinstating jury verdict on liability and nominal actual damages, but affirming district court's rejection of punitive damages). Without evidence of egregious conduct, willfulness, or malice attributable to defendants, the jury was not entitled to find that they acted with evil motive or intent, or with reckless or callous indifference to plaintiff's constitutional rights.

### ATTORNEY'S FEES

The final post-trial issue before the court is whether plaintiff is entitled to attorney's fees. The court notes that plaintiff has not formally moved for an award of attorney's fees. However, because the parties have briefed the issue, the court will address it.

 It is within the discretion of the district court to award reasonable attorney's fees to a party who prevails in an action brought pursuant to 42 U.S.C. § 1983. In the present case, a threshold issue is whether plaintiff prevailed in her civil rights action against defendants; clearly she did. The jury found that defendants violated plaintiff's constitutional rights. The jury's determination necessitated an award of nominal damages. It follows that plaintiff has achieved some benefit sought in bringing suit, particularly in the sense that the jury's determination has vindicated her rights. Plaintiff is a prevailing party for purposes of 42 U.S.C. § 1988. *Hobby,* —— U.S. at ——, 113 S.Ct. at 573.

 Plaintiff's prevailing party status does not lead inescapably to an award of attorney's fees. Rather, the court must assess the degree of success obtained by the plaintiff to ensure that attorney's fees are reasonable. *Hensley v. Eckerhart,* 461 U.S. 424, 436, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). "When a plaintiff recovers only nominal damages because of [her] failure to prove an essential element of [her] claim for monetary relief, the only reasonable fee is usually no fee at all." *Hobby,* —— U.S. at ——, 113 S.Ct. at 575.

In the present case, plaintiff's degree of success is minimal at best as evidenced by the award of $1.00 in nominal damages, in this instance assessed by the court; the jury awarded no damages at all. This is purely a technical victory for the plaintiff, since her objective in bringing the suit was to recover compensatory and punitive damages. Plaintiff has achieved little more than "the moral satisfaction of knowing that a federal court concluded that [her] rights had been violated." *Id.* (quoting *Hewitt v. Helms,* 482 U.S. 755, 762, 107 S.Ct. 2672, 2676, 96 L.Ed.2d 654 (1987)). In sum, plaintiff is not entitled to attorney's fees, because such an award would be unreasonable.

### CONCLUSION

For the reasons stated herein, defendants' motion for judgment or, alternatively, for a new trial is DENIED. Plaintiff's motion for an award of nominal damages is GRANTED, and $1.00 is awarded. Plaintiff's motion for a new trial on the issue of punitive damages is DENIED. Lastly, plaintiff is not entitled to an award of attorney's fees, despite having technically prevailed.